**George Ram LAMA, Plaintiff—Appellant,**

v.

**FRED MEYER, INC., Defendant—Appellee.**

No. 06–35276.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007 *.

Filed July 16, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

George Ram Lama, Washington, DC, pro se.

James R. Dickens, Esq., Brian W. Esler, Rachel J. Drake, Esq., Miller Nash, LLP, Seattle, WA, for Defendant–Appellee.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

## MEMORANDUM **

George Ram Lama appeals pro se from the district court's summary judgment in his Title VII action alleging that his former employer, Fred Meyer, Inc., discriminated against him based on his national origin and age, and retaliated against him for complaining about harassment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004), and we affirm.

■ The district court properly dismissed Lama's claims of retaliation and discrimination based on his national origin because these claims were considered and rejected in a prior action for failure to establish a prima facie case. *See Western Radio Servs. Co. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir.1997) (doctrine of res judicata bars a claim where there is an identity of claims, an identity of parties, and a final judgment on the merits).

■ The district court properly dismissed Lama's claim of age discrimination because Lama could have raised that claim in his prior action. *See Gregory v. Widnall,* 153 F.3d 1071, 1074 (9th Cir.1998) (per curiam) (barring under res judicata "all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action.") (internal quotations omitted).

■ To the extent Lama's complaint alleges that defendants discriminated against him in 2004, the district court properly dismissed this claim for lack of subject matter jurisdiction because Lama did not exhaust his administrative remedies with the Equal Employment Opportunity Commission ("EEOC") as to any conduct alleged to have occurred after October 2003. *See Lyons v. England,* 307 F.3d 1092, 1103–04 (9th Cir.2002) (federal subject matter jurisdiction requires a plaintiff to exhaust administrative remedies before seeking adjudication of a Title VII claim by filing a timely charge with the EEOC).

Lama's remaining contention lacks merit.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.